**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SAIHUA GUO,

                Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 07-75143

Agency No. A078-751-326

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

    Saihua Guo, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying her motion to reopen. We have

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

a motion to reopen, *He v. Gonzales*, 501 F.3d 1128, 1130-31 (9th Cir. 2007), and we deny the petition for review.

The agency did not abuse its discretion in denying Guo's second motion to reopen as untimely because Guo filed it over five years after the agency issued its final removal order, *see* 8 C.F.R. § 1003.2(c)(2), and Guo failed to demonstrate changed country conditions to qualify for the regulatory exception to the time or number limits for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Lin v. Holder*, 588 F.3d 981, 988-989 (9th Cir. 2009) (record did not establish change in family planning laws or enforcement of such laws that would establish changed country conditions excusing untimely motion to reopen); *He*, 501 F.3d at 1132 (the birth of children outside the country of origin is a change in personal circumstances that is not sufficient to establish changed circumstances in the country of origin excusing the untimely filing of a motion to reopen).

Guo's argument that she is entitled to reopen to file an asylum application is foreclosed by this court's decision in *Chen v. Mukasey*, 524 F.3d 1028, 1032 (9th Cir. 2008) (an alien may file an asylum application only in connection with a successful motion to reopen, subject to the time and number limitations).

**PETITION FOR REVIEW DENIED.**

07-75143